# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                          **Case No. 01-CR-172**

**STEPHEN BATES**
        **Defendant.**

## DECISION AND ORDER

Defendant Stephen Bates filed a motion for a sentence reduction under 18 U.S.C. § 3582(c) based on the Sentencing Commission's retroactive amendment to the crack cocaine guidelines. In ruling on such a motion, the Commission advises courts to consider the sentencing factors under 18 U.S.C. § 3553(a), public safety and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B). After reviewing defendant's pre-sentence report ("PSR"), I had some concerns about reducing defendant's sentence. Therefore, I ordered the probation office to complete an update detailing defendant's post-sentencing conduct. Defendant also submitted materials concerning his educational and vocational training in prison. Upon review of these materials, I am satisfied that a sentence reduction under § 3582(c) is appropriate.[1]

In the motion, defendant incorrectly stated that his original offense level was 24 and the range 100-125 months. The actual offense level was 23 and the range 92-115. The original sentence of 108 months was towards the upper end of the range. Under the amended guidelines, the range is 77-96 months. A reduced sentence of 90 months is consistent with the

---

[1] The government agrees that defendant should receive the reduction.

original term. Therefore, I will reduce the sentence to 90 months. Under all of the circumstances, I find such a sentence sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 81) is **GRANTED**. A form order will follow.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge